**Souleymane DIOP, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3085.

United States Court of Appeals, Sixth Circuit.

May 3, 2004.

David S. Bloomfield, Bloomfield & Kempf, Columbus, OH, for Petitioner.

Allen W. Hausman, Emily A. Radford, U.S. Department of Justice, Washington, DC, for Respondent.

Before MERRITT and MOORE, Circuit Judges; and DUGGAN, District Judge.*

*ORDER*

Souleymane Diop, a native and citizen of Mauritania, petitions for review of the decision of the Board of Immigrations Appeals (BIA) that affirmed the decision of the Immigration Judge (IJ) to deny Diop's application for asylum, withholding of removal, and voluntary departure. The parties are represented by counsel and have

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Diop entered the United States without a valid entry document in September 1996. In March 1997, he applied for asylum and withholding of removal. The Immigration and Naturalization Service (INS) initiated removal proceedings in January 1998. Diop submitted a supplementary application in September 1998. An IJ held a hearing in July 1999. Diop testified that in 1992 the white-controlled Mauritanian military arrested him, imprisoned him for two years, beat him and forced him to work because he is black. Diop was released in 1994 but still had to report to the military. He left Mauritania in 1996 and came to the United States via Senegal. The IJ found that Diop was not credible, that he did not leave Mauritania because of persecution, and that conditions in Mauritania had changed so that Diop could return safely. The BIA affirmed the IJ's decision without opinion, and Diop filed a timely petition for review.

In his petition for review, Diop argues that his BIA appeal was not appropriate for affirmance without opinion because: (1) the IJ allowed Diop's testimony to be affected by inaccurate translation; (2) the IJ misrepresented Diop's testimony and evidence; and (3) the IJ did not give appropriate weight to Diop's expert's report on conditions in Mauritania.

We review a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because we would have decided the case differently. *See Mikhailevitch v. INS,* 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Upon review, we conclude that the petition for review must be denied. The IJ's finding that Diop's evidence did not support a claim for asylum is supported by substantial evidence. The IJ found that, based upon the State Department reports, conditions in Mauritania had changed and it would now be safe for Diop to return. Diop's expert disagreed with this assessment but did not present any evidence in support of his opinion. Thus, the INS rebutted any presumption of a well-founded fear of future persecution by showing that conditions in Mauritania have changed to such an extent that Diop no longer has a well-founded fear of being persecuted upon return. *See Ouda v. INS,* 324 F.3d 445, 451 (6th Cir.2003). Finally, because Diop did not establish eligibility for asylum, he cannot meet the more difficult standard required for withholding of removal. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 431–32, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

We have considered Diop's arguments on appeal and conclude that they do not call for a different result. A review of the transcript of the hearing before the IJ reveals some confusion in the exchanges between Diop and the interpreter, and the IJ relied in part on questionable grounds to question Diop's credibility. However, even if Diop's testimony is accepted as true, substantial evidence supports the IJ's conclusion that Diop did not demonstrate a well-founded fear of persecution. Diop did not raise the issue of translation questions until after the record was closed and the IJ had announced his decision, and Diop has not shown any prejudice from any allegedly inaccurate translation by the interpreter. Finally, Diop's challenge to the BIA's decision to issue a summary affirmance without an opinion is inapposite.

This is a discretionary matter not subject to judicial review. *See, e.g., Heckler v. Chaney,* 470 U.S. 821, 830, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). Moreover, when the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency order. *See Denko v. INS,* 351 F.3d 717, 730 (6th Cir.2003). Thus, Diop received full and fair review of his claims.

For the foregoing reasons, we deny the petition for review.